UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
BRANDI JOHNSON,

                      12 CIV. 4460 (HB)

                Plaintiff,

  -against-

STRIVE EAST HARLEM EMPLOYMENT       **ECF CASE**
GROUP, LISA STEIN, Individually, ROB
CARMONA, Individually and PHIL WEINBERG,
Individually,

                Defendants.
--------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

GORDON & REES LLP
Robert Modica
Sarir Z. Silver
90 Broad Street
23rd Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
*Attorneys for Defendants*

**PRELIMINARY STATEMENT**

The Complaint filed by plaintiff Brandi Johnson ("Plaintiff") against Strive East Harlem Employment Service ("Strive"), improperly named as Strive East Harlem Employment Group, Rob Carmona ("Carmona"), Lisa Stein ("Stein") and Phil Weinberg ("Weinberg") (together "Defendants") should be dismissed under Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to exhaust her administrative remedies. Thus, her Title VII of the Civil Rights Act of 1964 ("Title VII") claims are barred.

Moreover, Plaintiff can not maintain a 42 U.S.C. Section 1981 ("Section 1981") claim given the lack of a contractual relationship between Plaintiff and any of the defendants. Thus, in light of the fact that these federal claims can not be maintained, Plaintiff's claims brought pursuant to the New York City Administrative Code, §8-107, *et seq*. ("NYCHRL") must also be dismissed as there is no basis upon which this Court can maintain supplemental jurisdiction.

Plaintiff's allegations arise out of her employment with Strive. In her Complaint, Plaintiff goes on, in painstaking detail, setting forth the alleged incidents that she claims form the basis of her discrimination and harassment lawsuit. However, missing amongst the detail is any statements indicating that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") as she was required to do as a precondition to the within suit. Also missing from her elaborative Complaint is any mention of a contract between Plaintiff and Defendants Strive, Carmona, Stein or Weinberg. The reasons for these omissions are simple: (1) Plaintiff failed to file an EEOC charge before instituting the within lawsuit; and, (2) Plaintiff never entered into a contract with any of the defendants named in this action.

Because Plaintiff has failed to state cognizable claims of employment discrimination and harassment in the federal context, this Court should deny supplemental jurisdiction over her NYCHRL claims, thereby dismissing the Complaint in its entirety.

1

# STATEMENT OF FACTS[1]

Plaintiff alleges that she is an African American female and was hired by Strive on or about May 5, 2010 as the Pathways Out of Poverty Program Manager/National Affiliate Services Coordinator, earning an annual salary of $60,000. *See* Cmplt. at ¶¶18, 19, 20, 25. It is Plaintiff's position that Stein is a Caucasian female, Carmona is a Hispanic-American male and Weinberg is a Caucasian male. *Id*. at ¶¶21-23. Plaintiff believes that during her employment with Strive, Carmona was her supervisor. ¶14.

Plaintiff maintains in her Complaint that in 2010, Carmona began to belittle and disrespect her. *Id*. at ¶ 28. In support of this allegation, Plaintiff sets forth a lengthy recitation of the alleged conduct that Plaintiff was purportedly subjected to at the hands of Carmona. *Id*. at ¶¶ 29-79. Plaintiff claims that she complained to Stein about all of the alleged incidents involving Carmona, but Stein never addressed same and, instead, dismissed Plaintiff. *Id*. at ¶¶ 36-37. Plaintiff claims that she also sent a formal complaint to Weinberg apprising him of the alleged harassing, discriminatory and retaliatory acts she had endured from Carmona and Stein. *Id*. at ¶ 70. It is Plaintiff's position that her complaints only intensified the Defendants' actions. *Id*. at ¶ 71.

As a result of the environment Plaintiff allegedly endured at Strive, she now seeks loss of income, loss of salary, bonus, benefits and other compensation, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. *Id*. at ¶ 100.

---

[1] This section is based on the allegations in the Complaint solely and the recitation of same shall not constitute admissions by any of the Defendants.

**ARGUMENT**

**I.  STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS**

On a Rule 12(b)(6) motion, the Court must accept as true the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). "However, '[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Id.* (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (alterations in original). "[F]actual allegations must be sufficient to support necessary legal conclusions." *Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (citing *Ashcroft,* 556 U.S. at 678-80).

In deciding whether Plaintiff has alleged sufficient facts to "nudge[ ] [his] claims across the line from conceivable to plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a court's review is generally confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998), *cert. denied* 525 U.S. 1103 (1999). However, a plaintiff cannot avoid a Rule 12(b)(6) dismissal by omitting from his Complaint facts that would doom his claims. "[I]n deciding a motion to dismiss, a court may consider ... documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *In re J.P. Jeanneret Associates*, 769 F. Supp. 2d 340, 354 (S.D.N.Y. 2011) (citation omitted). "Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim – and which they apparently most wanted to avoid – may not serve as a means of forestalling the district court's decision on the motion." *Cortec Indus., Inc.*

*v. Sum Holding, L.P.*, 949 F.2d 42, 44 (2d Cir. 1991), *cert. denied*, 50 U.S. 960 (1992). *See also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 421-422 (2d Cir. 2011).[2]

## II. PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Plaintiff brings two causes of action pursuant to Title VII against Strive for discrimination/harassment based on her gender and race. There are two prerequisites, however, to filing a Title VII action in federal court: (1) plaintiff must file a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and (2) plaintiff must receive a notice of the right-to-sue letter. *See* 42 *U.S.C.S.* §2000e-5(f)(1); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Thus, as a general rule, a court lacks jurisdiction to hear a civil action against a party that was not previously named in an EEOC charge. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court").

In the instant matter, Plaintiff has not fulfilled the aforementioned prerequisites. In particular, Plaintiff has not filed a charge of employment discrimination with the EEOC. Plaintiff's failure to satisfy this prerequisite is supported by the fact that her Complaint neither makes any reference to a prior filing with the EEOC, nor references her receipt of a right to sue letter issued by the EEOC. Clearly, as set forth in the plain language Title VII itself, and well-established case law, Plaintiff's failure to file an EEOC charge is detrimental to the Title VII

---

[2] *L-7 Designs, Inc.* involved a motion for judgment on the pleadings under Rule 12(c). 647 F.3d at 422. However, that is irrelevant because "the standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss from failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

claims she has asserted in her Federal Complaint. As such, the within motion to dismiss Plaintiff's Title VII causes of action must be granted.

### III. PLAINTIFF AND DEFENDANTS LACK CONTRACTUAL PRIVITY.

Section 1981 states, in pertinent part, that "all persons within the jurisdiction of the United States shall have the same right…to make and enforce contracts…as is enjoyed by white citizens. *See* 42 U.S.C. §1981. To bring a claim under Section 1981, a plaintiff must have a contractual relationship with the defendant. *See Kim v. Dial Serv. Int'l*, 1997 U.S. Dist. LEXIS 66 at *13 (S.D.N.Y. January 8, 1997). Moreover, discriminatory termination involves neither the right to make nor the right to enforce contracts under Section 1981, therefore, it is not actionable under Section 1981. *See Long v. AT&T Information Systems, Inc.*, 733 F.Supp. 188, 195 (S.D.N.Y. 1990). In *Long*, the plaintiff was employed by defendant, pursuant to an employment contract, when he suffered a back and leg injury and was unable to return to work for approximately five months. *See id*. at 194. Upon his return, a temporary special position was created for him to accommodate his limited duty restrictions. *See id*. Thereafter, plaintiff's disability was deemed permanent and ultimately, he was terminated because the temporary special position could not be maintained and no other positions were available at the company. *See id*. As a result of these occurrences, the plaintiff in *Long* filed a claim for racial discrimination in violation of Section1981. *See id*. The Long court cited to *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) in stating that Section 1981 protects two rights: the right to "make" contracts and the right to "enforce" contracts. *See id*. Thus, where an alleged act of discrimination does not involve the impairment of one of these specific rights, Section 1981 provides no relief. *See id*. The *Long* Court went on to point out that the *Patterson* court made it clear that the right to "make" contracts extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. *See id*. In other

words, the right to make contracts does not include the employer's conduct after the initial contract relationship has been established. *See id*. The *Long* court held that it was clear that the plaintiff's discrimination claims regarding his working assignment, accounts, compensation and benefits for his alleged injury related to post-formation conduct concerning his terms and conditions of employment and as such, were not actionable under Section 1981. *See id*. at 195. The *Long* court also noted that actions such as demotions and retaliatory discharges take place after the initial employment contract is made and therefore do not implicate the making of the contract itself, thus, rendering Section 1981 inapplicable to these types of actions. *See id*.

Applying the aforementioned instructive and authoritative case law to the instant matter, it is clear that Plaintiff cannot rely on Section 1981 for a successful claim. Here, Plaintiff did not have a contract with any of the defendants. This is evidenced by the fact that Plaintiff's 124-paragraph Complaint makes absolutely no mention of any contractual relationship between Plaintiff and any of the defendants.

Moreover, Plaintiff's alleged discriminatory termination does not fall under the ambit of Section 1981. As established by *Patterson* and affirmed by *Long*, Section 1981 is inapplicable to the terms and conditions of employment that arise after the formation of a contract and, thus, demotions and discharges are not contemplated by Section 1981. Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's Section 1981 claim as it is inapplicable to the case at hand.

**IV. THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S NYCHRL CLAIMS.**

In addition to the above claims, Plaintiff also asserts violations of the NYCHRL, a purely New York City law, alleging race discrimination, gender discrimination/sexual harassment and aiding and abetting. However, 28 U.S.C. §1367(c) describes instances where the District Courts

may decline to exercise supplemental jurisdiction over a claim. This includes instances where "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. §1367(c)(3). The fact that the district court has dismissed all claims over which it had original jurisdiction is a factor tending in the direction of declining jurisdiction. *See Williams v. Dow Chem. Co.*, 326 F. Supp. 2d 443, 447 (S.D.N.Y. 2004). The supplemental jurisdiction anlaysis has two steps. First, the court must identify one of the factual predicates which corresponds to one of the subsection 1367(c) categories. *See Itar-Tass Russian News Agency et al. v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (1998). Then, the court may exercise its discretion to determine whether to decline to grant supplemental jurisdiction; its decision should be informed by the values of judicial economy, convenience, fairness and comity. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). These factors weigh against exercising supplemental jurisdiction over claims implicating only New York law particularly when discovery has not commenced and the federal claims have been dismissed at the pleading stage. *See Graham v. Barriger*, 699 F.Supp.2d 612, 637 (S.D.N.Y. 2009); *see also E.D. v. Tuffarelli*, 692 F.Supp.2d 347, 369 (S.D.N.Y. 2010). Claims brought under New York State and City labor laws require interpretation and application of the statutory framework of the New York State and City labor laws, which is intricate and, as such, these claims are best resolved in State court. *See Muhlrad v. Mitchell*, 1997 U.S. Dist. LEXIS 4683, 13 (S.D.N.Y. Apr. 10, 1997)

In the case at hand, the initial step of supplemental jurisdiction analysis is satisfied by virtue of the dismissal of the federal claims asserted by Plaintiff on the bases identified above in Sections II and III of the within motion. Thus, 28 U.S.C. §1367(c)(3) is implicated given the dismissal of Plaintiff's federal claims, namely her Title VII and Section 1981 claims. Next, the values of judicial economy, convenience, fairness and comity all point in the direction of

declining exercising supplemental jurisdiction over Plaintiff's NYCHRL claims given that these claims implicate only New York law and involve interpretation of complicated city laws. Moreover, given that the federal claims will be dismissed early on at the pleading stage, and discovery has not yet commenced in the within action, the values of judicial economy and fairness are further well served. Thus, Plaintiff's city claims would be best left for a State court to determine, in lieu of the honorable Federal Court. Based on such, Defendants submit that this Court should not exercise supplemental jurisdiction over Plaintiff's NYCHRL claims.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint and award such other and further relief this Court deems equitable and just.

Dated: New York, New York
August 6, 2012

GORDON & REES LLP

By: _____/s/_____
Robert Modica
Sarir Z. Silver
90 Broad Street
23rd Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
*Attorneys for Defendants*