UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.: 12-CV-4460 (HB)

BRANDI JOHNSON,

        Plaintiff,

v.

STRIVE EAST HARLEM EMPLOYMENT GROUP,
LISA STEIN, *Individually*, ROB CARMONA, *Individually*
and PHIL WEINBERG, *Individually*

        Defendants.

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**PHILLIPS & PHILLIPS,**
**Attorneys at Law, PLLC**
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431

Plaintiff, BRANDI JOHNSON, by and through her attorneys, PHILLIPS & PHILLIPS, Attorneys at Law, PLLC, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff JOHNSON respectfully submits that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) must be denied in its entirety as a matter of law because Plaintiff's Complaint sufficiently alleged facts to support her claims.

## LEGAL ARGUMENT

### I. THE APPLICABLE STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. Diaz v. NBC Universal, Inc., 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008).

"A court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. A complaint need not contain detailed factual allegations, but it must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Semper v. New York Methodist Hosp., 2011 WL 1240551, 3 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

### II. PLAINTIFF SERVED AN AMENDED COMPLAINT AS OF RIGHT, REMOVING TITLE VII CLAIMS.

Pursuant to Fed. R. Civ. P. Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. Rule 15(a)(1) (emphasis added).

As Defendants served their 12(b)(6) motion to dismiss on August 6, 2012, accordingly Plaintiff JOHNSON has until August 27, 2012 to amend her Complaint as a matter of course. *See*, Berman v. Rotterman, 2011 WL 2149431 (W.D.N.Y. 2011); Cole-Hoover v. Shinseki, 2011 WL 1793256 (W.D.N.Y. 2011). On or about August 20, 2012, Plaintiff JOHNSON invoked her right under Fed. R. Civ. P. Rule 15(a)(1)(B) to amend her Complaint once as a matter of course, and served Defendants with a copy of his Amended Complaint. Accordingly, Plaintiff JOHNSON as a matter of right pursuant to Fed. R. Civ. P. Rule 15(a), had until August 27, 2012 to amend her Complaint without leave of court, and has served her Amended Complaint on Defendants, a copy of which is attached to Maldonado Declaration as Exhibit "A." Therefore, Defendant's arguments are moot as Plaintiff's Amended Complaint cures any deficiencies cited in Defendant's motion to dismiss. Plaintiff's amended complaint is legally sufficient to support a claim of discrimination on the basis of race under Section 1981 and gender under the New York City Human Right Law.

### III. A CONTRACTUAL RELATIONSHIP EXISTED BETWEEN PLAINTIFF AND DEFENDANTS, NOTWITHSTANDING THE ABSENCE OF A WRITTEN EMPLOYMENT AGREEMENT.[1]

On its face, Section 1981 refers to the right "to make and enforce contracts." 42 U.S.C. § 1981(a). However, Section 1981 requires a contractual relationship, in the broad sense. Wyche v. Marine Midland Bank, N.A., 1996 U.S. Dist. LEXIS 3312 (S.D.N.Y. Mar. 19, 1996). An employment relationship is a contractual relationship, even in the absence of an expressed

---

[1] Defendants' argument that the Court should not exercise supplemental jurisdiction over Plaintiff's NYCHRL claims is moot, as Section 1981 has been amended to include employment relationships (which is held to be a contractual relationship) and conduct occurring after the formation of an employment contract.

2

employment agreement. Id. In Wyche, the court reasoned, "assuming ... plaintiff did not have 'an express employment contract,' there can be no doubt that there was a contractual relationship -- the Bank agreed to employ [plaintiff] and [plaintiff] agreed to be employed by the Bank." Id. "If the Bank terminated that employment relationship -- or refused to create a new relationship by re-hiring plaintiff - because of his race, then the Bank deprived plaintiff of the same right 'to make and enforce contracts . . . as is enjoyed by white citizens.'" Id. *See, e.g.,* Butts v. City of New York Dep't of Housing Preservation & Dev., 990 F.2d 1397, 1404 (2d Cir. 1993); Humphrey v. Council of Jewish Federations, 901 F. Supp. 703, 710-11 (S.D.N.Y. 1995). *See also*, Lauture v. IBM, 216 F.3d 258 (2d Cir. N.Y. 2000) (holding that an employment relationship between Lauture and IBM was a contractual relationship within the meaning of § 1981); Hartzog v. Reebok Int'l Ltd., 77 F. Supp. 2d 478 (S.D.N.Y. 1999) (allowing the plaintiff to proceed under § 1981(b), because a failure to promote an at will employee involves a refusal by the employer either to modify the existing contract of employment or to enter into a new one, which falls within the term "make and enforce contracts" as defined in 42 U.S.C.S. § 1981(b)).

Here, on or about May 5, 2010, Defendant STRIVE agreed to hire Plaintiff JOHNSON and Plaintiff agreed to be hired in the capacity of, "Pathways Out of Poverty Program Manager/National Affiliate Services Coordinator." (Amended Complaint ¶ 23). Thus, the employment relationship between Plaintiff JOHNSON and Defendant STRIVE was a contractual relationship within the meaning of § 1981.

Defendants, in their Memorandum of Law in Support of Defendant's Motion to Dismiss, cite to Long v. AT&T Information Systems, Inc., 733 F. Supp 188 (S.D.N.Y. Mar. 20, 1990) and Patterson v. McLean Credit Union, 491 U.S. 164 (1989) to assert that "discriminatory termination involves neither the right to make nor the right to enforce contracts under § 1981 and

thus it is not actionable under § 1981." However, Defendants fail to address the Civil Rights Act of 1991. The 1991 Act, including § 1981(b), created new rights and overturned the Supreme Court's holding in Patterson, that "racial harassment relating to the conditions of employment is not actionable under § 1981." CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008). *See also,* Jones, supra, 541 U.S. at 383. Thus, the definition of "contract" in the 1991 amendments made claims possible based on conduct ***occurring after the formation of an employment contract***. CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008)(emphasis added). In 1989, Patterson narrowed § 1981 by excluding from its scope conduct occurring after formation of the employment contract. Subsequently, Congress enacted the Civil Rights Act of 1991, which was designed to supersede Patterson. *See,* Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369 (2004), by ***explicitly defining § 1981's scope to include post-contract-formation conduct***. CBOCS West, Inc. v. Humphries, 553 U.S. at 446. (emphasis added). Since 1991, the Federal Courts of Appeals have uniformly interpreted § 1981 as encompassing retaliation actions. Id.

Thus, Defendants rely on authority that has been overturned by the Civil Rights Act of 1991 and by the Supreme Court of the United States in CBOCS West. Accordingly, their argument is moot and conduct arising after the formation of the contractual relationship fall within the meaning of § 1981. Here, Plaintiff JOHNSON was terminated in retaliation of her complaints of discrimination.

To establish a § 1981 claim, a plaintiff must show: (1) that she is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in § 1981. *See,* Brown v. City of Oneonta, 195 F.3d 111, 121 (2d Cir. 1999)(citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).

Here, Plaintiff JOHNSON is a member of a racial minority, as she is African-American. (Amended Complaint ¶ 17). Defendant intended to discriminate on the basis of Plaintiff JOHNSON's race, marked by Defendant CARMONA's discriminatory conduct. Namely, in or around March 2012, Defendant CARMONA made racially derogatory comments to Plaintiff JOHNSON, such as, "**You know what it is…both of you [referencing Plaintiff JOHNSON] are NIGGERS…Y'all act like NIGGERS all the time**," and "**Brandi[Plaintiff JOHNSON], you and her [Leticia Thomas] act like NIGGERS and NIGGERS let their feelings rule them…I'm gonna give it to you hardcore. You and her are the same. You and her are very bright…but y'all act like NIGGERS…seriously.**" (Amended Complaint ¶ 38, 39). Moreover, on or about June 11, 2012, Defendants terminated Plaintiff JOHNSON in retaliation for her complaints of discrimination. (Amended Complaint ¶ 55). The discrimination concerned the activities enumerated in § 1981, i.e., the contractual relationship between Plaintiff JOHNSON and Defendant STRIVE.

Thus, Plaintiff JOHNSON sufficiently pled facts to support a claim of race discrimination pursuant to § 1981. Accordingly, Defendants'

## CONCLUSION

For the foregoing reasons, Plaintiff JOHNSON respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety, and order such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 20, 2012

                                                          **PHILLIPS & PHILLIPS, PLLC**
                                                          **ATTORNEYS AT LAW,**

By: /s/ J. Maldonado
Marjorie Mesidor, Esq. (MM1978)
Jessenia Maldonado, Esq. (JM7811)
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431

To: Robert Modica, Esq.
Sarir Z. Silver, Esq.
GORDON & REES, LLP
*Attorneys for Defendants*
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 269-5500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Case No.: 12-CV-4460 (HB)
BRANDI JOHNSON,

        Plaintiff,

  v.

STRIVE EAST HARLEM EMPLOYMENT GROUP,
LISA STEIN, *Individually*, ROB CARMONA, *Individually*
and PHIL WEINBERG, *Individually*

        Defendants.
-------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS'MOTION TO DISMISS**



ATTORNEYS AT LAW
30 BROAD STREET, 35ᵀᴴ FLOOR, NEW YORK, NY 10004