UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRANDI JOHNSON,

                Plaintiff,

   -against-

STRIVE EAST HARLEM EMPLOYMENT
GROUP, LISA STEIN, Individually, ROB
CARMONA, Individually and PHIL WEINBERG,
Individually,

                Defendants.
-------------------------------------------------------------X

12 CIV 4460

**ANSWER TO AMENDED COMPLAINT**

Defendants, Strive East Harlem Employment Service d/b/a Strive ("Strive"), improperly named as Strive East Harlem Employment Group, Lisa Stein, Rob Carmona and Phil Weinberg (collectively, "Defendants"), by their attorneys, Gordon & Rees LLP, as and for their Answer to the Complaint filed by Brandi Johnson ("Plaintiff"), respectfully allege as follows:

## ANSWERING NATURE OF CASE

1. Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint.

## ANSWERING JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that Paragraph 2 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

3. The allegations contained in Paragraph 3 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that

Paragraph 3 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

**ANSWERING PARTIES**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint except to admit that Strive is a workforce development non-profit organization duly existing by virtue of the laws of the State of New York.

6. Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. The allegations contained in Paragraph 10 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that Paragraph 10 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

11. The allegations contained in Paragraph 11 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that Paragraph 11 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

12. The allegations contained in Paragraph 12 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that Paragraph 12 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

13. Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. The allegations contained in Paragraph 16 of the Amended Complaint contain legal conclusions to which no response is necessary. To the extent that Paragraph 16 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Amended Complaint.

22. The allegations contained in Paragraph 22 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph 22 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

## **ANSWERING MATERIAL FACTS**

23. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint except to admit that defendant Weinberg received a copy of the draft complaint relating to the within matter on or about April 11, 2012.

42. Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

**ANSWERING FIRST CAUSE OF ACTION**

69. Defendants repeat and reallege each and every response made in Paragraphs 1 through 68 as if fully set forth herein.

70. The allegations contained in Paragraph 70 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph 70 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

71. Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

**ANSWERING SECOND CAUSE OF ACTION**

72. Defendants repeat and reallege each and every response made in Paragraphs 1 through 71 as if fully set forth herein.

73. The allegations contained in Paragraph 73 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph 73 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

74. Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

**ANSWERING THIRD CAUSE OF ACTION**

75. Defendants repeat and reallege each and every response made in Paragraphs 1 through 74 as if fully set forth herein.

76. Defendants repeat and reallege each and every response made in Paragraphs 1 through 75 as if fully set forth herein.

77. The allegations contained in Paragraph 77 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph

77 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

78. Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

## ANSWERING FOURTH CAUSE OF ACTION

79. Defendants repeat and reallege each and every response made in Paragraphs 1 through 78 as if fully set forth herein.

80. The allegations contained in Paragraph 80 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph 80 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

81. Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

## ANSWERING FOURTH (SIC) CAUSE OF ACTION

82. Defendants repeat and reallege each and every response made in Paragraphs 1 through 81 as if fully set forth herein.

83. The allegations contained in Paragraph 83 of the Amended Complaint do not require a response on the part of Defendants. To the extent that Paragraph 83 of the Amended Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

84. Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

## ANSWERING INJURY AND DAMAGES

85. Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

## ANSWERING PRAYER FOR RELIEF

The wherefore paragraphs immediately following paragraph 85 of the Amended Complaint state requests for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all decisions affecting Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Defendants have conducted their practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction with respect to some or all of Plaintiff's alleged claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may be barred or limited from recovering damages based on her failure to mitigate said damages.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are due, in whole or in part, to the actions of third-parties over whom these Defendants have no control.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants deny the applicability of punitive damage theories under the facts of this litigation and, in any event, deny they are so liable under said theories.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Defendants deny that any of their actions were willful, wanton, malicious or reckless.

## ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants conducted themselves in full compliance with all applicable contracts as well as federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiff from asserting the claims herein.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs, under the New York State Human Rights Law, and the New York City Human Rights Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Costs alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations and damages must be discounted to the extent her pleadings and claims seek duplicative damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants maintained, enforced, and widely disseminated strong policies and procedures against discrimination, harassment and retaliation of any kind. Plaintiff unreasonably failed to avail herself of the preventative or remedial measures or the procedures for reporting discrimination, retaliation and harassment under the Defendants' employment policies, or to otherwise avoid their alleged harm.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged claims are barred to the extent she has failed to exhaust administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by virtue of the equitable defense of the doctrine of laches.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Plaintiff may be barred or limited from recovering damages based upon the doctrine of after-acquired evidence.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

Defendants acted promptly and appropriately under the circumstances to prevent, investigate and remediate the alleged situation.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

Defendants are not "employers" within the meaning of the New York City Human Rights Law.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

Defendants were not aware of Plaintiff's race.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

Defendants Stein, Carmona and Weinberg cannot be held liable in their personal capacities for the allegations contained in Plaintiff's Complaint.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the Defendants are not subject to 42 U.S.C. §1981 or the New York City Human Rights Law.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred given that she lacks a contractual relationship with Defendants as required by 42 U.S.C. §1981.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to offer additional defenses, which cannot now be articulated due to Plaintiffs' failure to particularize their claims. Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein, or upon discovery of further information concerning Defendants' defenses, Defendants reserve the right to assert additional defenses.

[*balance of page intentionally left blank*]

**WHEREFORE,** Defendants Strive East Harlem Employment Service d/b/a Strive, improperly named as Strive East Harlem Employment Group, Lisa Stein, Rob Carmona and Phil Weinberg, demand judgment dismissing Plaintiff's Amended Complaint against them, together with attorneys' fees, costs, and disbursements of this action, and any other relief the Court deems appropriate.

Dated: New York, New York
September 4, 2012

Respectfully submitted,

GORDON & REES LLP

By:

/s/ Robert Modica
Robert Modica (RM 3943)
Sarir Zandi (SZ 0094)
Attorneys for Defendants
Strive East Harlem Employment Service d/b/a Strive, improperly named as Strive East Harlem Employment Group, Lisa Stein, Rob Carmona and Phil Weinberg
90 Broad Street
23rd Floor
New York, NY 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)

TO: Marjorie Mesidor, Esq.
Jessenia Maldonado, Esq.
Attorneys for Plaintiff
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431
mmesidor@tpglaws.com