UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDI JOHNSON,                                 :
                          Plaintiff,       :
                                           :
   -against-                                   :        12 Civ. 4460 (HB)
                                           :
STRIVE EAST HARLEM EMPLOYMENT    :        OPINION & ORDER
GROUP, LISA STEIN, individually, ROB         :
CARMONA, individually, and PHIL              :
WEINBERG, individually,                      :
                        Defendants.      :
------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

      As a prevailing party, the Plaintiff is entitled to reasonable attorneys' fees and costs. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). It is well to keep in mind that the Plaintiff has the burden of proof. Attorneys' fees must be based on the going hourly rate in the community for the type of work performed multiplied by the number of hours reasonably required to perform the work. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (describing the lodestar approach). Plaintiff's attorneys seek a total of $276,359.25, including both attorneys' fees and costs.

  A. **Attorneys' Fees**

      Ordinarily, attorneys' fees entail an examination of a variety of factors. They include the degree of success, the quality of the legal services provided, the makeup of the firm doing the work, and the years of experience of each attorney at the bar as well as in the specialty being litigated (here, employment discrimination). *See Id.* at 166-169.

      I have reviewed all of the above factors as well as the time records provided by the Plaintiff's attorneys. I have concluded that the number of attorneys used as well as the work performed warrants a reduction in the claimed hours and I have reduced the total hours by 10%. *See Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (district courts have discretion to reduce claimed hours by an overall percentage). In some cases it is difficult to determine the task that each time charge represents, but it is not so much the lack of specificity that governed the 10% time reduction, but the uselessness of some of the tasks performed and the number of

lawyers utilized for those tasks. Another concern that motivated the across the board reduction is the missteps which were pervasive during the discovery phase of the case.

Taking into consideration the experience of each of the lawyers and the time spent devoted to this specialty, I have also reduced the requested hourly rates. Ms. Mesidor's hourly rate is reduced to $400 an hour, Mr. Umansky's hourly rate is reduced to $300 an hour, Ms. Guillaume and Ms. Maldonado, who have two years of experience and failed to supply any specific date of admission to the Bar, warrant an hourly rate of $250. Ms. Park, who was not yet admitted at the time of this litigation, warrants an hourly rate of $200.

Based on these determinations, I conclude that Plaintiff is entitled to a total of $163,988.20 in attorneys' fees. This figure was calculated by multiplying the hourly rate determined for each attorney by the number of hours they performed, discounted by 10%. I have also compensated hours spent traveling at half of the hourly rate, as Plaintiff concedes is customary. (Plaintiff's Reply Br. at 8.)

### A. Costs

I also have some concerns about the $14,255.20 of costs requested. Successful discrimination plaintiffs are generally granted reasonable expenses as long as they were necessary and are properly documented. *Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir.1987). Expenses are limited to those that would ordinarily be charged to a client and thus exclude overhead costs. *Id.*

I find several expenses that do not meet these criteria and will be excluded. Plaintiff requests reimbursement for expenses to procure evidence and witnesses that were deemed inadmissible at trial due to discovery violations by Plaintiff's own attorneys. Since these expenditures were rendered fruitless due to Plaintiff's lawyers' own mistakes, I doubt that Phillips & Associates would be able to charge a paying client for them, and it would be unfair to hold the Defendants responsible for them. The cost of obtaining and transcribing the recordings that were not admitted into evidence, as well as the forensic analysis necessitated only by their untimely production, will not be reimbursed. I also remove the cost of subpoenaing the two therapist witnesses excluded at trial due to Plaintiffs' failure to timely disclose their identities. Finally, the unexplained line item for "strive financials" is also removed, as it lacks the explanation necessary to evaluate its significance.

Given this analysis, Plaintiff is entitled to $9,264.53 in costs. This figure was calculated by subtracting each of the items I identified above from the total expenses requested by the Plaintiff. I utilize the Defendants' method of estimating the cost of the admissible audio transcripts by multiplying the number of pages they contained by the rate of $6 per page.

## CONCLUSION

Plaintiff is awarded a total of $173,252.73. This includes $163,988.20 for attorney's fees and $9,264.53 in costs. This decision will of course be affected by any future verdict should the Plaintiff choose that option. Plaintiff must advise the court whether she elects to have a new trial by February 5th. The deadline for Defendants to file a motion for reconsideration will be February 12th.

**SO ORDERED.**

Date: 1/28/14
New York, New York

HAROLD BAER, JR.
**United States District Judge**